IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA RUIZ, ) | |
| ) | |
| Petitioner, ) | No. C 06-0775 CRB (PR) |
| ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| ) | |
| GUILLERMINA HALL, Warden, ) | (Doc # 2) |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner incarcerated at the California Rehabilitation Center in Norco, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. She also moves for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of multiple drug offenses. The jury also found true various enhancement allegations. On August 17, 2000, petitioner was sentenced to four years, three months in state prison.

On September 4, 2002, the California Court of Appeal affirmed the judgment of the trial court and, on November 20, 2002, the Supreme Court of California denied review.

In conjunction with her direct appeal, petitioner filed a petition for a writ of habeas corpus. On September 4, 2002, the California Court of Appeal issued an order to show cause returnable in the superior court. The superior court conducted an evidentiary hearing and, on October 15, 2004, denied the petition.

On March 4, 2005, petitioner filed a new petition for a writ of habeas corpus in the court of appeal. On April 14, 2005, the California Court of Appeal denied the petition and, on June 15, 2005, the Supreme Court fo California denied review. The instant petition for a federal writ of habeas corpus followed.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including various instances of ineffective assistance of counsel and instructional error, and insufficiency of the evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se

2

petitions for writs of habeas corpus liberally).

C.      Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel (doc # 2) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented her claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if a evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues

presented by the petition.

      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

      4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: June 2, 2006

CHARLES R. BREYER
United States District Judge

4